IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FIROZEH JAHANGUIRI,                        §
                                           §
        Plaintiff,                         §
v.                                         §        C.A. No.   3:16-cv-2754
                                           §
STANDARD INSURANCE COMPANY,                §
                                           §
        Defendant.                         §

## NOTICE OF REMOVAL

Defendant Standard Insurance Company ("Standard"), for the purpose only of
removing this case to the United States District Court for the  Northern District of Texas,
Dallas Division, states:

**1.      State Court Action.**  Plaintiff Firozeh Jahanguiri ("Plaintiff") filed this
action in the 160th District Court of Dallas County, Texas, Cause No. DC-16-09758, on
August 11, 2016.   Plaintiff asserts claims against Standard for breach of contract,
violations of the Texas Insurance Code and Texas Deceptive Trade Practices–Consumer
Protection Act ("DTPA"), fraud, and bad faith based on the alleged improper denial of
benefits under a group long-term disability ("LTD") insurance policy ("Policy") issued
by Standard.

**2.      Diversity of Citizenship.**  The Court has diversity jurisdiction pursuant to
28 U.S.C. § 1332.  Specifically, Plaintiff was a citizen and resident of the state of Texas
at the time this action was filed and remains a citizen and resident of Texas as of the date
of this removal. [Petition, p. 1, ¶ 4.]  Standard is an Oregon corporation with its principal

office and place of business in Portland, Oregon.  [*See* Declaration of Standard ("Declaration") attached hereto as <u>Exhibit A</u>, ¶ 2.] Standard was a citizen and resident of Oregon at the time this action was filed and remains a citizen and resident of Oregon as of the date of this removal.  [*Id.*]  Accordingly, complete diversity of citizenship exists between Plaintiff, on the one hand, and Standard, on the other hand.

**3.** **<u>Amount in Controversy.</u>**  The amount in controversy is also met.  Based on the face of Plaintiff's Original Petition, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  While Plaintiff failed to comply with the requirements of Rule 47 of the Texas Rules of Civil Procedure with respect to her claim for relief, Plaintiff seeks, among other things, LTD benefits of $3,674.11 per month under the Policy, treble damages, punitive damages, and her attorneys' fees and costs.  [Petition, pp. 4, 19.]  Standard closed Plaintiff's claim for LTD benefits under the Policy on October 16, 2015. [Declaration, ¶ 5.]  Accordingly, the total LTD benefits sought by Plaintiff through the time of removal total approximately $40,415.21 (11 months x $3,674.11).   Thus, the amount in controversy is clearly satisfied based on Plaintiff's alleged contractual and extra-contractual damages sought on the face of her Original Petition.  *See, e.g., Dow Agroscience L.L.C. v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003) (claim for $18,242.50, trebled under DTPA, plus attorneys' fees, meets the $75,000,00 jurisdictional threshold), *vacated on other grounds,* 544 U.S. 531 (2005); *St. Paul Reinsurance Co. v Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998) (potential liability under policy, penalties, statutory damages, punitive damages, and attorneys fees included in amount in controversy); *Graham v. Henegar*, 640 F.2d 732, 735-36 n.9 (5th

Cir. 1981) (attorneys' fees included in calculating amount in controversy).

4.     **Removal is Proper.**   The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and this action is between citizens of different states.   Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441.   In addition, removal is timely under 28 U.S.C. § 1446(b) as Standard was served with process on September 2, 2016, which was the first time that Standard received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.

5.     **State Court Documents Attached.**   Pursuant to the Federal Rules of Civil Procedure, a certified copy of the state court docket sheet and all documents filed in the state court action, separately attached and arranged in chronological order, are attached as Exhibit B.   These documents constitute the only pleadings, process, or orders filed in the state court or received by Standard.   A list of the parties and counsel is also attached as Exhibit C.   Finally, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

## RELIEF REQUESTED

Standard requests that the United States District Court for the Northern District of Texas, Dallas Division, accept this Notice of Removal and that it assume jurisdiction of this cause and grant such other and further relief as may be necessary.

Dated:  September 28, 2016.                    Respectfully submitted,


                                               By:  /s/ Ryan K. McComber
                                                    Ryan K. McComber
                                                    State Bar No. 24041428
                                                    ryan.mccomber@figdav.com
                                                    Roshanak Khosravighasemabadi
                                                    State Bar No. 24048587
                                                    rosh.khosravi@figdav.com

                                               FIGARI + DAVENPORT, LLP
                                               901 Main Street, Suite 3400
                                               Dallas, Texas  75202
                                               Telephone: (214) 939-2000
                                               Facsimile: (214) 939-2090

                                               ATTORNEYS FOR DEFENDANT
                                               STANDARD INSURANCE COMPANY


## CERTIFICATE OF SERVICE

I certify that the following parties have been served via certified mail, return receipt requested, on this the 28th day of September, 2016:

Marc S. Whitehead                              Via CM/RRR
marc@marcwhitehead.com
J. Anthony Vessel
Anthony@marcwhitehead.com
Britney Anne Heath McDonald
Britney@marcwhitehead.com
Marc Whitehead & Associates,
Attorneys at Law, L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas  77007


                                                /s/ Ryan K. McComber
                                               Ryan K. McComber