IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FIROZEH JAHANGUIRI,                    §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §        C.A. No.  3:16-cv-2754
                                       §
STANDARD INSURANCE COMPANY,            §
                                       §
        Defendant.                     §

## EXHIBIT B - INDEX OF STATE COURT DOCUMENTS

1.   Copy of the Civil Docket Sheet;

2.   Plaintiff's Original Petition, Request for Disclosure and Jury Demand, filed
     August 11, 2016;

3.   Issuance of Citation to Standard Insurance Company, August 11, 2016;

4.   Correspondence to Court filing Petition; August 24, 2016;

5.   Citation to Standard Insurance Company, filed August 25, 2016;

6.   Affidavit of Service of Citation on Standard Insurance Company, filed
     September 6, 2016; and

7.   Defendant's Original Answer, filed September 22, 2016.

Respectfully submitted,


By: _/s/ Ryan K. McComber_
       Ryan K. McComber
       State Bar No. 24041428
       ryan.mccomber@figdav.com
       Roshanak Khosravighasemabadi
       State Bar No. 24048587
       rosh.khosravi@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
Tel:  (214) 939-2000
Fax:  (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY


## CERTIFICATE OF SERVICE

    I certify that the following parties have been served via certified mail, return receipt requested, on this the 28th day of September, 2016:

Marc S. Whitehead                 Via CM/RRR
marc@marcwhitehead.com
J. Anthony Vessel
Anthony@marcwhitehead.com
Britney Anne Heath McDonald
Britney@marcwhitehead.com
Marc Whitehead & Associates,
Attorneys at Law, L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas  77007


                           _/s/ Ryan K. McComber_
                           Ryan K. McComber

# DC-16-09758 - FIROZEH JAHANGUIRI vs. STANDARD INSURANCE COMPANY

Case Number: DC-16-09758
File Date: 08/11/2016
Case Status: OPEN

Court: 160th District Court
Case Type: OTHER (CIVIL)

PLAINTIFF : JAHANGUIRI, FIROZEH

**Active Attorneys**
Lead Attorney:
**WHITEHEAD, MARC STANLEY**
Retained
Work Phone: 713-228-8888
Fax Phone: 713-225-0940

DEFENDANT : STANDARD INSURANCE COMPANY
Address:
  BY SERVING REGISTERED AGENT: CT COROPRATION SYSTEM
  1999 BRYAN STREET
  SUITE 900
  DALLAS TX 75201-3136

**Active Attorneys**
Lead Attorney:
**MCCOMBER, RYAN**
Retained
Work Phone: 214-939-2000
Fax Phone: 214-939-2090

Attorney: KHOSRAVIGHASEMABADI, ROSHANAK
Retained
Work Phone: 214-939-2000
Fax Phone: 214-909-2090

08/11/2016 NEW CASE FILED (OCA) - CIVIL
08/11/2016 ORIGINAL PETITION
  Complaint.pdf
08/11/2016 ISSUE CITATION
  ISSUE CITATION
08/24/2016 CORRESPONDENCE - LETTER TO FILE
  letter to clerk-copy fee-8-24-16.pdf
  Comment: Request
08/25/2016 CITATION
  Anticipated Server: MAIL                    Anticipated Method:
  Actual Server: PRIVATE PROCESS SERVER       Returned: 09/06/2016
  Comment: MAIL ATTY-AB
09/06/2016 RETURN OF SERVICE
  AX02A16900175.PDF
  Comment: STANDARD INSURANCE COMPANY
09/22/2016 ORIGINAL ANSWER - GENERAL DENIAL
  Defendant's Original Answer.pdf



1

Loading financial information, please wait...

Complaint.pdf
letter to clerk-copy fee-8-24-16.pdf
ISSUE CITATION
AX02A16900175.PDF
Defendant's Original Answer.pdf

FILED
DALLAS COUNTY
8/11/2016 8:46:16 PM
FELICIA PITRE
DISTRICT CLERK
David Hernandez

DC-16-09758

**No.**_____

| | | |
|---|---|---|
| FIROZEH JAHANGUIRI | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| STANDARD INSURANCE COMPANY | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## REQUEST FOR DISCLOSURE and JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

1.      NOW COMES FIROZEH JAHANGUIRI, hereinafter referred to as "Plaintiff", and brings this action against STANDARD INSURANCE COMPANY hereinafter referred to as "Defendant."

2.      Plaintiff brings this action to secure all disability benefits, whether they be described as short term and/or long term, or life waiver premium benefits to which Plaintiff is entitled under the disability insurance policy underwritten and administered by Defendant.

3.      Defendant has underwritten and administered the policy and has issued a denial of the benefits claimed under the policy by the Plaintiff. The policy at issue can be identified as Policy Number 640747-I for long term disability and waiver of premium.

### I. PARTIES

4.      Plaintiff is a citizen and resident of Dallas County, Texas.

1

2

5.     Defendant is a properly organized business entity doing business in the State of Texas.  Defendant may be served with process by serving its registered agent, C T Corporation System, addressed at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II. JURISDICTION AND VENUE

6.     This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction. Specifically, the Plaintiff is a resident of the state of Texas and Defendant, a foreign corporation is authorized to do business in the State of Texas.

7.     The disability policy at issue in the case was issued in the State of Texas.

## III. THE CLAIM ON THE POLICY

8.     Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.   Said policy became effective December 1, 2003.

9.     Plaintiff is a 56 year old woman previously employed as a "Computer Systems Hardware Analyst".

10.    Computer Systems Hardware Analyst is classified under the Dictionary of Occupational Titles as Medium with an SVP of 7 and considered to be skilled work.

11.    Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on April 19, 2013, as on this date Plaintiff suffered from chronic back pain and radicular symptoms.

12.    Plaintiff alleges that she became disabled on April 20, 2013.

13.    Plaintiff filed for short term disability benefits with Defendant.

2

14      Short term disability benefits were *granted*.

15.     Plaintiff filed for long term disability and waiver of premium benefits through the plan administered by the Defendant.

16.     Defendant initially granted Plaintiff's request for long term disability benefits under the Plan.

17.     Subsequently, Defendant denied further long term disability benefits under the Plan pursuant to a letter to Plaintiff dated October 16, 2015.  Said letter allowed Plaintiff 180 days to appeal this decision.

18.     At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation".

19.     If granted the plan would pay monthly benefits of $3,674.11.

20.     Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

21.     Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

22.     Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

23.     On February 5, 2016, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability and waiver of premium benefits.

24.     Defendant also notified Plaintiff on February 5, 2016 that Plaintiff had

3

exhausted her administrative remedies.

25.    Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

26.    Plaintiff has now exhausted her administrative remedies.

## IV.  MEDICAL FACTS

27.    Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

28.    Plaintiff suffers from low back pain, herniated disc, chronic pain, and shoulder impingement.

29.    Treating physicians document Plaintiffs disabilities and the continued pain that requires ongoing pain management.

30.    Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

31.    Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

32.    Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

33.    Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

34.    However, Plaintiff continues to suffer from breakthrough pain, discomfort,

and limitations in functioning, as documented throughout the administrative record.

35.    Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

36.    Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

37.    The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

38.    As such, Plaintiff has been and remains disabled per the terms of the Policy and has sought disability benefits pursuant to said Policy.

39.    However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

## V. Defendant's Unfair Claims Handling Practices

40.    On or about June 5, 2015, Defendant's internal vocational consultant, Susan Potter, vocational consultant, performed a transferable skills assessment of Plaintiff's claim file. Ms. Potter did not have an accurate job description nor did she have a copy of Plaintiffs resume to use in her skills assessment.   Without the resume, Ms. Potter couldn't possibly know if Plaintiff possesses skills that could transfer into a different occupation.

5

41.   On or about November 25, 2013, Defendant's internal vocational consultant, Linda Knickrehm, MS, CRC, CDMS, LPC, vocational case manager, performed a paper review of Plaintiff's claim file.

42.   On or about June 5, 2015, Defendant's internal vocational consultant, Susan Potter, BA, MS, vocational consultant, performed a paper review of Plaintiff's claim file.

43.   On or about November 11, 2013, Defendant's paid consultant, Kenneth J. Kopacz, M.D., orthopedic surgery, performed a peer review of Plaintiff's claim file.

44.   On or about January 29, 2015, Defendant's paid consultant, Kenneth J. Kopacz, M.D., orthopedic surgery, performed another peer review of Plaintiff's claim file.

45.   Dr. Kopacz' report is misleading, biased and result driven in that the doctor failed to review all relevant medical records, the report ignores or is contrary to controlling medical authority such as American Osteopathic Board of Orthopedic Surgery.   The report fails to specify the medical standard upon which it relies.   The report is based on faulty or incorrect information

46.   Further, Dr. Kopacz failed to consider all the claimant's illnesses.   The doctor failed to consider all the claimant's illnesses in combination.   The report is conclusory and results driven, as demonstrated by the fact that the report cherry-picks the information by overemphasizing information that supports the insurer's position and de-emphasizing information that supports disability and the report does not consider the standard of disability specified in the policy.

47. On or about January 15, 2016, Defendant's paid consultant, Vicki Kalen, M.D., orthopedic surgery, performed a peer review of Plaintiff's claim file.

48.     Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Kalen.  Defendant in bad faith, relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

49.     Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

50.     Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

51.     Defendant has failed to consider the side effects of Plaintiff's medication.

52.     Defendant's consultants completed their reports without examining Plaintiff.

53.     At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

54.     Defendant's determination was influenced by its conflict of interest.

55.     Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

56.     The LTD plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

57.     A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

7

58.    More information promotes accurate claims assessment,

59.    Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

60.    Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

61.    Plaintiff repeats and re-alleges Paragraphs 1 through 60 of this Petition as if set forth herein.

62.    Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

63.    Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservations of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plan.

64.    In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plan.

65.    Defendant stopped paying benefits to Plaintiff under the Plan, despite the fact that Plaintiff was totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow.

66.    Defendant breached the Plan when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in

8

the Plan. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

67.     Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

68.     As a result of Defendant's breach, Plaintiff suffered financial hardship.

69.     By reason of the foregoing, Defendant is liable to Plaintiff for damages.

## VII. SECOND CAUSE OF ACTION:

### Violations of Texas Insurance Code & DTPA

70.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 69 of this Petition as if fully set forth herein.

71.     Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

(a)     Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

(b)     Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

(c)     Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a

9

reasonable explanation of the basis in The Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(d)     Insurance Code Article § 541.061 by misrepresenting The Policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e)     Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f)     Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g)     Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was

10

intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed

(h) Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

(i) Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(j) Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious;

(k) Defendant failed to furnish Plaintiff a Full and Fair Review;

(l) Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(m) Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n) Defendant failed to credit Plaintiff's treating doctor's opinion;

(o) Defendant has wrongfully terminated Plaintiff's LTD benefits without evidence of improvement;

(p) Defendant's request for objective evidence was improper;

(q) Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(r) Defendant failed to consider the side effects of Plaintiff's

11

medications;

(s)     Defendant has wrongfully relied on Dr. Helsey's opinions as substantial evidence;

(t)     Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(u)     Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(v)     Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(w)     Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(x)     Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

72.     Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

73.     Plaintiff repeats and realleges paragraphs 1 through 72 of this Petition as if set forth herein.

74.     By selling the insurance policy to Plaintiff and by collecting substantial

premiums therefore, Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

75.     The Plan contains an implied promise that it would deal fairly and in good faith with Plaintiff and would do nothing to injure, frustrate, or interfere with Plaintiff's rights to receive benefits und the Plan.

76.     Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

(a)     By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

(b)     By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

(c)     By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

(d)     By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations from Plaintiff's treating physician, Dr. Taba;

(e)     By misrepresenting Plan coverage, conditions, exclusions, and other provisions;

(f)     By interpreting the definition of disability contained in the Plan contrary to the plain language of the Policy and in an unreasonable, arbitrary, and capricious manner;

13

(g)    By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

(h)    By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plan.

77.    By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional duress, mental anguish, and pain and suffering which exacerbated her depression and anxiety.

78.    The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

79.    Defendant's actions directed at Plaintiff are part of a pattern of similar conduct directed at the public generally.

80.    Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

81.    Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

82.    By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

83.    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 82 of this Petition as if fully set forth herein.

14

84.     Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## X.  FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

85.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 84 of this Petition as if fully set forth herein.

86.     Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

87.     Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

88.     Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

89.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 88 of this Petition as if fully set forth herein.

90.     Plaintiff makes a claim for penalties of 18% statutory interest on the

amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## XII.  CAUSATION

91.     The conduct described in this petition was a producing and proximate cause of damages to Plaintiff.

## XIII.  DECLARATORY RELIEF

92.     Pleading further, Plaintiff would show she is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code. Specifically, Plaintiff would show that she is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policy. TEX. CIV. PRACT. & REM. CODE § 37.001.

93.     The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for LTD benefits to Defendant.  The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet The Policy's definition of "disabled".

94.     The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant.  Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et. seq. of the Texas Civil Practice and Remedies Code and declare the specific rights and statuses of the parties herein.  Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that he/she is disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

16

## IX.  ATTORNEYS FEES

95.    Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## X.  REQUEST FOR DISCLOSURE

96.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XI.  JURY DEMAND

97.    In accordance with Federal Rule of Civil Procedure 38, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XII. KNOWLEDGE

98.    Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XIII. RESULTING LEGAL DAMAGES

99.    Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law. These damages include the consequential damages to his/her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued

17

impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

100.   As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

101.   Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

102.   Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

103.   Plaintiff is entitled to statutory interest on the amount of his claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

104.   Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practice & Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practice & Remedies Code section 37.009.

## XIV.  PRAYER

105.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that she is entitled to all past due short term and long term disability benefits and waiver of premiums benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits and waiver of premium benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

106. Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorney fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and;

107. Enter an award for such other relief as may be just and appropriate.

Dated: August 11, 2016

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.

By:     /s/ Marc Whitehead
        Marc S. Whitehead
            Tex. Bar No. 00785238
            Fed. I.D. Bar No. 15465
            marc@marcwhitehead.com
        J. Anthony Vessel
            Tex. Bar. No. 24084019
            Fed. I.D. No. 1692384
            anthony@marcwhitehead.com
        Britney Anne Heath McDonald
            Tex. Bar. No. 24083158
            Fed. I.D. Bar No. 2621983
            britney@marcwhitehead.com
        5300 Memorial Drive, Suite 725
        Houston, Texas 77007
        Telephone: 713-228-8888
        Facsimile: 713-225-0940
        ATTORNEY-IN-CHARGE
        FOR PLAINTIFF,
        FIROZEH JAHANGUIRI

# FORM NO. 353-3 – CITATION
# THE STATE OF TEXAS

To:

**STANDARD INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT: CT COROPRATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS, TX 75201-3136**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the 160TH District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FIROZEH JAHANGUIRI**

Filed in said Court  **11th day of AUGUST, 2016** against

**STANDARD INSURANCE COMPANY**

For Suit, said suit being numbered DC-16-09758, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of AUGUST, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____(Deputy)
   ARIEANA BAHENA

---

**MAIL ATTY**

**CITATION**

DC-16-09758

**FIROZEH JAHANGUIRI**
**VS**
**STANDARD INSURANCE COMPANY**

ISSUED THIS
25th day of AUGUST, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ARIEANA BAHENA, Deputy

**Attorney for Plaintiff**
MARC WHITEHEAD & ASSOCIATES
ATTORNEYS AT LAW L.L.P
MARC WHITEHEAD
5300  MEMORIAL DRIVE SUITE 725
HOUSTON, TX 77007
713-228-8888

DALLAS COUNTY CONSTABLE
FEES PAID / FEES NOT PAID

3

# OFFICER'S RETURN

Case No. : DC-16-09758

Court No.160th District Court

Style: FIROZEH JAHANGUIRI

VS

STANDARD INSURANCE COMPANY

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by
me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.


For serving Citation      $_____          _____

For mileage               $_____          of_____County, _____

For Notary                $_____          By_____Deputy

                                              (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.


                                              _____

                                              Notary Public_____County_____

FILED
DALLAS COUNTY
8/24/2016 3:11:13 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

# MARC WHITEHEAD & ASSOCIATES, L.L.P.
## ATTORNEYS AT LAW

*A National Disability Claims Law Firm*

**5300 Memorial Drive, Suite 725**
**Houston, Texas 77007**

Marc Whitehead, Esq.
*Board Certified*
*Personal Injury Trial Law*
*Texas Board of Legal Specialization*

*Board Certified*
*Social Security Disability Law*
*National Board of Social Security*
*Disability Advocacy*

*Accredited Veterans' Claims Attorney*

Telephone: (713) 228-8888
Facsimile (713) 225-0940
Toll Free: (800) 562-9830
www.disabilitydenials.com

Anthony Vessel, Esq.
*Associate Attorney, Mediator*

Britney McDonald, Esq.
*Associate Attorney, Mediator*

Shane Kadlec, Esq.
*Of Counsel*
*Board Certified*
*Personal Injury Trial Law*
*Texas Board of Legal Specialization*

August 24, 2016

Dallas County District Clerk

Re:   DC-16-09758; Jahanguiri vs. Standard Insurance Company; In the Judicial District Court; In
      Dallas County, Texas

Madam:

Attached is the $19.00 fee associated with copying the Original Petition. Please forward the
citations upon completion.

Thank you,

*Melanie Donaldson*

Melanie Donaldson

4

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

DELIVERED THIS 2 DAY OF _____
AT 2:55 AM/PM
BY _____
PROFESSIONAL CIVIL PROCESS
INITIALS: _____ LIC# _____

To:

    STANDARD INSURANCE COMPANY
    BY SERVING REGISTERED AGENT: CT COROPRATION SYSTEM
    1999 BRYAN STREET SUITE 900
    DALLAS, TX 75201-3136

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 160TH District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FIROZEH JAHANGUIRI**

Filed in said Court **11th day of AUGUST, 2016** against

**STANDARD INSURANCE COMPANY**

For Suit, said suit being numbered <u>**DC-16-09758**</u>, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of AUGUST, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    ARIEANA BAHENA

---

**MAIL ATTY**

**CITATION**

**DC-16-09758**

**FIROZEH JAHANGUIRI**
**VS**
**STANDARD INSURANCE COMPANY**

**ISSUED THIS**
**25th day of AUGUST, 2016**

**FELICIA PITRE**
Clerk District Courts,
Dallas County, Texas

By: ARIEANA BAHENA, Deputy

---

**Attorney for Plaintiff**
MARC WHITEHEAD & ASSOCIATES
ATTORNEYS AT LAW L.L.P
MARC WHITEHEAD
5300 MEMORIAL DRIVE SUITE 725
HOUSTON, TX 77007
713-228-8888

5

# OFFICER'S RETURN

Case No. : DC-16-09758

Court No.160th District Court

Style: FIROZEH JAHANGUIRI

VS

STANDARD INSURANCE COMPANY

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
Brandon Pettigrew                              9/6/2016 4:33:48 PM
FELICIA PITRE
DISTRICT CLERK

## 160th District Court of DALLAS County, Texas
600 COMMERCE STREET, ROOM 640 DALLAS TX 75202

## CASE #: DC-16-09758

FIROZEH JAHANGUIRI

*Plaintiff*
**vs**
STANDARD INSURANCE COMPANY

*Defendant*

### AFFIDAVIT OF SERVICE

I, **PAIGE BRADDOCK**, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents stated
below on 09/02/16 1:59 pm, instructing for same to be delivered upon Standard Insurance
Company By Delivering To It's Registered Agent CT Corporation System.

That I delivered to      : Standard Insurance Company By Delivering To It's Registered
                           Agent CT Corporation System. By Delivering to Laura Perez, Corp
                           Op Spec.

the following            : CITATION; PLAINTIFF'S ORIGINAL PETITION REQUEST FOR
                           DISCLOSURE AND JURY DEMAND

at this address          : 1999 Bryan Street, Suite 900
                           Dallas, Dallas County, TX 75201

Manner of Delivery       : by PERSONALLY delivering the document(s) to the person
                           above.

Delivered on             : SEP 2, 2016 2:57 pm

My name is PAIGE BRADDOCK, my date of birth is JUL 13th, 1990, and my address is
Professional Civil Process Dallas, Inc., 2300 Valley View Ln, Ste 612, Irving TX
75062, and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Dallas County, State of Texas, on the _____ day of
_____, 20____.

                                    PAIGE BRADDOCK                         Declarant
                                    2274

                         Texas Certification#: SCH-12155 Exp. 07/31/19

Private Process Server
Professional Civil Process Of Texas, Inc        PCP Inv#: D16900035
103 Vista View Trail Spicewood TX 78669         SO  Inv#: A16900175
(512) 477-3500

AX02A16900175                 + Service Fee:  70.00
tomcat                          Witness Fee:   .00
                                Mileage Fee:   .00
                                                    Whitehead, Marc
                                                         E-FILE RETURN        6

## FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

> STANDARD INSURANCE COMPANY
> BY SERVING REGISTERED AGENT: CT COROPRATION SYSTEM
> 1999 BRYAN STREET SUITE 900
> DALLAS, TX 75201-3136

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the 160TH District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FIROZEH JAHANGUIRI**

Filed in said Court  **11th day of AUGUST, 2016** against

**STANDARD INSURANCE COMPANY**

For Suit, said suit being numbered <u>DC-16-09758</u>, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of AUGUST, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _____Deputy
       ARIEANA BAHENA

AUG 2 9 2016

---

MAIL ATTY

CITATION

DC-16-09758

**FIROZEH JAHANGUIRI**
**VS**
**STANDARD INSURANCE COMPANY**

ISSUED THIS
25th day of AUGUST, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ARIEANA BAHENA, Deputy

**Attorney for Plaintiff**
MARC WHITEHEAD & ASSOCIATES
ATTORNEYS AT LAW L.L.P
MARC WHITEHEAD
5300  MEMORIAL DRIVE SUITE 725
HOUSTON, TX 77007
713-228-8888

DALLAS COUNTY CONSTABLE
FEES PAID / FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-16-09758

Court No.160th District Court

Style: FIROZEH JAHANGUIRI

VS

STANDARD INSURANCE COMPANY

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
9/22/2016 11:56:12 AM
FELICIA PITRE
DISTRICT CLERK

No. DC-16-09758

| | | |
|---|---|---|
| FIROZEH JAHANGUIRI, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | 160TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Standard Insurance Company ("Standard") files its original answer, and states:

1.   **General Denial.** Subject to such admissions and stipulations as may be made at or before time of trial, Standard denies generally and specially the material allegations in Plaintiff's Original Petition, pursuant to TEX. R. CIV. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

2.   **Relief Requested.** Standard requests the following relief:

(a)   That Plaintiff take nothing by reason of her suit;

(b)   That Standard be dismissed with its costs; and

(c)   That Standard have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

7

Dated:  September 22, 2016      Respectfully submitted,

By:  *s/ Ryan K. McComber*
    Ryan K. McComber
    State Bar No. 24041428
    ryan.mccomber@figdav.com
    Roshanak Khosravighasemabadi
    State Bar No. 24048587
    rosh.khosravi@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on the following counsel of record via electronic filing on September 22, 2016:

Marc Whitehead           Via E-File:  Efile.TXCourts.gov
marc@marcwhitehead.com
Marc Whitehead & Associates, Attorneys
at Law, L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas 77007

    *s/ Ryan K. McComber*
    Ryan K. McComber

DEFENDANT'S ORIGINAL ANSWER – PAGE 2